Affirmed and Memorandum Opinion filed March 18, 2004









Affirmed and Memorandum Opinion filed March 18, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00036-CR

____________

 

KEITH D. MACK, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Court At Law

Walker County, Texas

Trial Court Cause No. 02-1118

 



 

M E M O R A N D U M   O P I N I O N

Appellant Keith D. Mack was convicted by a
jury of the misdemeanor offense of driving while intoxicated and sentenced to
one year of confinement in the Walker County Jail.  In two issues, appellant challenges the legal
and factual sufficiency of the evidence to support his conviction.  We affirm.

 

 

 








I.  Factual and Procedural Background

At approximately 5:30 a.m., on July 10,
2002, an eighteen-wheel truck entered the New Waverly weigh station in Walker
County, Texas.  The driver of the truck
proceeded over a series of scales under the watch of Edwin Kendig, a commercial
motor vehicle inspector at the station, and parked in an adjacent lot after
being notified of a weight violation. 
Kendig radioed Terry Vogler, a trooper with the Texas Department of
Public Safety license and weight division, and asked Vogler to drive his patrol
vehicle to the area where the truck was parked and to continue the
inspection.  

As Vogler approached, he saw the truck
roll to a stop.  Vogler exited his
vehicle and began looking for the driver. 
He found a female in the passenger=s seat of the
truck=s cab and
appellant atop the trailer doing what appeared to be a load adjustment.  At Vogler=s request,
appellant stepped down from the trailer. 
As appellant descended, Vogler observed appellant moving awkwardly.  According to Vogler, once appellant reached
the bottom of the trailer, appellant appeared slouched.  Vogler followed appellant to a truck parked
nearby, where appellant sat on the truck=s wheel.  Vogler began to instruct appellant on what
the inspection would entail.  As he did
so, Vogler observed appellant=s mannerisms and
appearance, specifically appellant=s lack of eye
contact, his slurred and emphatic speech, his bloodshot eyes, and the smell of
alcohol on appellant=s breath. 
Appellant maintained that his brother, not appellant, was the driver of
the truck and that his brother had walked off toward the interstate
highway.  Vogler briefly investigated
appellant=s claim by searching the parking lot,
questioning a truck driver parked near the highway, and checking the interstate
highway itself.  Unsuccessful in his
search, Vogler returned and called Kendig, who identified appellant as the
driver of the vehicle.  Vogler attempted
to conduct a field sobriety test at the scene, but appellant refused to
cooperate.  Vogler arrested appellant for
driving while intoxicated based on what he had observed.  According to Vogler, when he asked appellant
whether he had been drinking, appellant responded that it did not matter
because he was not the one driving the truck. 









Appellant was charged by information with
the misdemeanor offense of driving while intoxicated.  See Tex.
Pen. Code Ann. ' 49.04 (Vernon 2003).  Appellant pleaded not guilty.  A jury found appellant guilty, and the trial
court sentenced him to one year of confinement in the Walker County Jail and
assessed $255.50 in court costs. 

II. 
Issues Presented

Appellant presents the following issues
for review:

(1)     Is the evidence legally sufficient to
support appellant=s conviction?

(2)     Is
the evidence factually sufficient to support appellant=s conviction?

III. 
Analysis and Discussion

A. 
Is the evidence legally sufficient to support appellant=s conviction?

In his first issue, appellant contends the
evidence is legally insufficient to prove that (1) he was the driver of the
truck and (2) he was intoxicated. 








In evaluating a legal-sufficiency
challenge, we review the evidence in the light most favorable to the
verdict.  Wesbrook v. State, 29
S.W.3d 103, 111 (Tex. Crim. App. 2000). 
The issue on appeal is not whether we, as a court, believe the State=s evidence or
believe that appellant=s evidence outweighs the State=s evidence.  Wicker v. State, 667 S.W.2d 137, 143
(Tex. Crim. App. 1984).  The verdict may
not be overturned unless it is irrational or unsupported by proof beyond a
reasonable doubt.  Matson v. State,
819 S.W.2d 839, 846 (Tex. Crim. App. 1991). 
The jury, as the trier of fact, Ais the sole judge
of the credibility of the witnesses and of the strength of the evidence.@  Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999).  The jury may
choose to believe or disbelieve any portion of the witnesses= testimony.  Sharp v. State, 707 S.W.2d 611, 614
(Tex. Crim. App. 1986).  When faced with
conflicting evidence, we presume the trier of fact resolved conflicts in favor
of the prevailing party.  Turro v.
State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  Therefore, if any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt,
we must affirm.  McDuff v. State,
939 S.W.2d 607, 614 (Tex. Crim. App. 1997). 
The question is not whether a rational jury could have entertained a
reasonable doubt of guilt, but whether it necessarily would have done so.  Swearingen v. State, 101 S.W.3d 89, 96
(Tex. Crim. App. 2003).

A person commits the offense of driving
while intoxicated if (1) the person (2) is intoxicated (3) while operating (4)
a motor vehicle (5) in a public place.  Tex. Pen. Code Ann. ' 49.04(a) (Vernon
2003).  With regard to appellant=s first contention
that he was not the driver of the truck, appellant relies on the testimony of
his brother, Kevin Mack, who claimed he was the person behind the wheel of the
truck on the morning of appellant=s arrest, the fact
that appellant maintained his brother was the driver when appellant spoke to
Vogler at the scene, and the fact that Inspector Kendig was the only witness
who was able to identify appellant as the driver.[1]


Inspector Kendig testified that he
witnessed appellant driving the truck when it entered the weigh station.  Kendig stated that, though it was dark
outside, he was able to see inside the truck with the aid of special lighting
and his near level position with the driver. 
When later called by Trooper Vogler to identify the driver of the
over-weight truck,  Kendig confirmed that
appellant was the driver.  Kevin Mack
contradicted this testimony.  He
testified that he was learning to drive the eighteen-wheel truck under the
guidance of appellant, who was in the sleeper compartment of the truck as it entered
the weigh station.  Kevin Mack further
testified that after parking the truck, he walked quickly to the interstate
highway, fearing liability on unpaid traffic tickets.  Kevin Mack claimed that once he reached the
interstate, he received a ride from a passing motorist who took him to a pay
phone at a filling station.








The State points out that Kevin Mack=s testimony is
inconsistent with that of Vogler and Kendig. 
Kendig described the parking area as being surrounded by a fence, yet
Kevin Mack could not recall coming to a fence and instead said he went through
bushes to reach the highway.  Vogler
testified that the truck was parked in a position so that additional vehicles
were located to the left, but Kevin Mack stated the other trucks were located
to the right.[2]  To the extent the testimony is inconsistent,
the jury as the trier of fact had the ultimate authority to determine the
credibility of witnesses and the weight to be given to their testimony.  See Tex.
Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Bowden v. State,
628 S.W.2d 782, 784 (Tex. Crim. App. 1982).  Any inconsistencies in the testimony should
be resolved in favor of the jury=s verdict in a
legal-sufficiency review.  Johnson v.
State, 815 S.W.2d 707, 712B13 (Tex. Crim.
App. 1991).  Upon reviewing the evidence
under our deferential standard, we conclude that a rational trier of fact could
have found appellant to be the driver of the truck beyond a reasonable doubt.

Appellant next contends the evidence is
legally insufficient to prove he was intoxicated.  Intoxication is (a) not having normal use of
mental or physical faculties by reason of introduction of alcohol, a
controlled substance, a drug, a dangerous drug, a combination of two or more of
those substances, or any other substance into the body; or (b) having an
alcohol concentration above 0.08 or more. 
Tex. Pen. Code Ann. ' 49.01(2)(A)B(B) (Vernon 2003)
(emphasis added).  Appellant did not take
an alcohol test in this case.[3]  Therefore, the State was required to prove
that appellant, as a consequence of alcohol consumption, did not have the
normal use of mental and physical faculties while operating his vehicle.  See id. ' 49.01(2)(A).








Trooper Vogler testified that he had over
twenty-six years= experience with the Department of Public
Safety, during which time he had observed multiple occurrences of driver intoxication.  According to Volger=s testimony,
appellant appeared intoxicated based on: (1) his slurred speech; (2) his
bloodshot eyes; (3) the smell of  alcohol
on his breath and person; (4) his Aawkward@ descent from atop
the trailer; (5) his Aslow and deliberate@ walk punctuated
by Aa lot of yelling
and gesturing@; and (6) his emphatic demeanor.  Vogler testified that, based on his
observations, he concluded appellant was intoxicated.  The opinion testimony of the arresting
officer, standing alone, is sufficient to prove the element of
intoxication.  See Annis v. State,
578 S.W.2d 406, 407 (Tex. Crim. App. 1979) (panel op.). 

In challenging the legal sufficiency of
the evidence, appellant relies on the fact that he was able to maneuver the
truck through the weigh station without showing impairment of faculties.  Specifically, appellant points out that (1)
he had no trouble driving the truck over the scales, which required three stops
at specific points, and (2) he proceeded through the parking area occupied by
other vehicles and came to rest without incident.  He cites Inspector Kendig=s testimony that
the driver did not have a problem pulling in and over the scales.








Although driving in a reckless manner may
provide some evidence to establish impairment of physical or mental faculties,
the definitions of intoxication and driving while intoxicated do not require
the vehicle be driven in a reckless manner. 
See Tex. Pen. Code Ann.
' 49.01(2)(A)
(stating that intoxication is Anot having normal
use of mental or physical faculties by reason of introduction of alcohol . . .
.@), ' 49.04(a) (AA person commits
an offense if the person is intoxicated while operating a motor vehicle in a
public place.@). 
Therefore, appellant=s argument that he
drove the vehicle without incident, while perhaps providing some support for
his contention that he was not intoxicated, must be viewed in light of Vogler=s testimony indicating
appellant was intoxicated.  After
reviewing the evidence, we conclude that a rational trier of fact could have
found the element of intoxication beyond a reasonable doubt.

Having reviewed appellant=s contentions, we
conclude the evidence is legally sufficient to sustain appellant=s conviction for
driving while intoxicated.  Accordingly,
we overrule appellant=s first issue.

B.      Is
the evidence factually sufficient to support appellant=s conviction?

In his second issue, appellant challenges
the factual sufficiency of the evidence to support a finding of
intoxication.  When evaluating a challenge
to the factual sufficiency of the evidence, we view all the evidence without
the prism of Ain the light most favorable to the
prosecution@ and set aside the verdict only if it is Aso contrary to the
overwhelming weight of the evidence to be clearly wrong and unjust.@  Johnson v. State, 23 S.W.3d 1, 6B7 (Tex. Crim. App.
2000).  This concept embraces both Aformulations
utilized in civil jurisprudence, i.e., that evidence can be factually
insufficient if (1) it is so weak as to be clearly wrong and manifestly unjust
or (2) the adverse finding is against the great weight and preponderance of the
available evidence.@  Id. at 11. 
Under this second formulation, the court essentially compares the
evidence which tends to prove the existence of a fact with the evidence that
tends to disprove that fact.  Jones v.
State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).  In conducting the factual-sufficiency review,
we must employ appropriate deference so that we do not substitute our judgment
for that of the fact finder.  Id.
at 648. 








When reviewing a factual-sufficiency
challenge, we must discuss the evidence appellant claims is most important in
allegedly undermining the jury=s verdict.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).  Here, appellant
cites the same reasons for factual sufficiency as discussed under legal
sufficiency, namely (1) he had no trouble driving the truck over the scales,
which required three stops at specific points, and (2) he was able to park the
truck in the parking lot among other vehicles without incident.  In addition, appellant points out that Kendig
did not testify that he noticed the smell of alcohol on the driver.  Appellant also points to additional support
of his sobriety based on his ability to climb atop the cargo on the
trailer.  However, the record does not
contain testimony indicating the manner in which appellant ascended the
trailer.  

In this case, Vogler made several
observations that led him to conclude appellant was intoxicated.  Although Vogler=s testimony may be
in conflict with appellant=s contention that
the truck was driven with no sign of driver impairment, the jury is the sole
judge of the facts, the credibility of the witness, and the weight to be given
to the evidence.  Cain v. State,
958 S.W.2d 404, 407 (Tex. Crim. App. 1997). 
A factual-sufficiency challenge will not necessarily be sustained simply
because the record contains conflicting evidence upon which the fact finder
could have reached a different conclusion. 
See Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App.
1998).  A reviewing court may disagree
with the fact finder=s resolution of conflicting evidence only
when it is necessary to prevent manifest injustice.  See id. at 164B65.  A jury decision is not manifestly unjust
merely because the jury resolved conflicting views of evidence in favor of the
State.  See Cain, 958 S.W.2d at
410.

After reviewing the evidence without Athe prism of in
the light most favorable to the prosecution,@ we cannot
conclude that the verdict is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. 
Accordingly, we overrule appellant=s second issue.     

Having overruled both of appellant=s issues, we
affirm the trial court=s judgment.

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Judgment
rendered and Memorandum Opinion filed March 18, 2004.

Panel
consists of Justices Edelman, Frost, and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Appellant
argues that his brother Kevin Mack looks very similar to appellant.  The record, however, contains no testimony or
exhibits that would indicate a physical resemblance between appellant and Kevin
Mack.  Furthermore, the jury, having seen
Kevin Mack testify at trial, could have taken into account any
similarities.  





[2]  The State places additional
emphasis on Vogler=s testimony that when Vogler asked
for appellant=s logbook, appellant turned to a
female passenger and asked her to Aget his logbook for him.@  However, Vogler
later contradicted this testimony by stating that appellant Asimply said get the logbook.@ (emphasis added).





[3]  Vogler
testified that he began the horizontal gaze nystagmus test, but appellant
failed to cooperate.  According to
Vogler, appellant refused to perform any other field sobriety tests.